UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
WILLIAM HUGGINS,

        Plaintiff,                    22 Civ.

      v.                                <u>COMPLAINT</u>

LONG ISLAND RAILROAD COMPANY,        JURY TRIAL REQUESTED

        Defendant.
---------------------------------------------------------------------X

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

**THE PARTIES**

1. The plaintiff is a resident of the State of New York, County of Suffolk, and City of Coram.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court, with a usual place of business in New York.

3. Prior to August 1, 2019, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Material and Logistics Specialist under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to August 1, 2019 and at all times hereinafter mentioned, the defendant maintained, operated and controlled an employee-only location known as Bolands Landing, Queens, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation.

**JURISDICTION AND VENUE**

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On August 1, 2019, the plaintiff was working as a Material and Logistics Specialist at the direction and training of defendant, plaintiff was going up the steps at Bolands Landing platform, the toe of his right foot on a nail sticking up from the top of the platform, causing plaintiff to fall forward onto both knees, injuring his knees.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to, right knee bone bruising with chip fracture.

## COUNT I
## Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about August 1, 2019, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Materials and Logistic Specialist at Bolands Landing, Queens, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in failing to warn plaintiff of the protruding nail;

    c. in failing to remove the nail;

    d. in failing to drive the nail down;

    e. in failing to cordon off the area until the stairs and platform could be repaired;

    f. in failing to inspect and maintain the platform at Bolands Landing;

    g. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in a sum in excess of $200,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: *[signature: Marc Wietzke]*
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com